UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIE A. DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC CONVENIENCE AND FUEL, LLC; SARONN ARENDS; TOM MURU; TRACY ERVIN-LOWERY; MICHELLE CASTLE; and KATHERINE CLARK,<br><br>　　　　　Defendants. | No. 2:13-cv-2513-TLN-EFB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff initiated this wrongful termination action in the Superior Court of the State of California for the County of San Joaquin on July 25, 2013. Compl., ECF No. 1-2. On October 25, 2013, plaintiff filed a first amended complaint, which asserted claims under the Family and Medical Leave Act ("FMLA"), along with numerous state law claims. ECF No. 1-6. Thereafter, defendants removed the action to this court, based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. ECF No. 1. Defendants now move to dismiss various state law claims asserted in the amended complaint. ECF No. 4. In response, plaintiff filed a motion to remand the case to state court. ECF No. 7. Both motions were before the court for hearing on February 19, 2014. Plaintiff appeared pro se; attorney Anne-Marie Waggoner appeared on behalf of defendants. For the reasons stated at the hearing and as set forth below, plaintiff's motion to remand should be granted and defendants' motion to dismiss be denied as moot.

1

1  Plaintiff contends in her motion that the complaint does not actually allege a claim under
2  the FMLA or any other federal statute. She argues that "after reading the complaint you can
3  clearly understand that the mention of federal statutes was only to show where California derived
4  its statutes from and in fact FMLA/CFRA (California Family Rights Act) are almost one and the
5  same." ECF No. 7 at 13. She also asserts that with her "lack of formal legal training the mention
6  of federal statutes should not be taken as a Federal claim, when State statutes and case law were
7  also mentioned and the complaint was actually filed in State Superior Court." *Id*. at 14.
8  However, a fair reading of the amended complaint does reveal claims for violation of the FMLA.
9  Count One, captioned as causes of action for "Violation of California Family Rights Act (CFRA)
10 and Family Medical Leave Act (FMLA)" adverse personnel actions and an eventual termination
11 in retaliation for requesting leave under the FMLA in "a direct violation of . . . The Federal
12 Family and Medical Leave Act." ECF No. 1-6, ¶¶ 43-48. Count Four, captioned as a cause of
13 action for "Retaliation," alleges that defendant Arends made it her personal business to retaliate
14 against PLAINTIFF Davis in violation of [the] FMLA . . . ." *Id.* at ¶ 97

15  Nevertheless, plaintiff expressly stated at the hearing that she never intended to assert a
16 FMLA claim, that she abandons any such claim, and requests that it be dismissed. Defendants
17 have not shown any reason why plaintiff's request for voluntary dismissal to the federal claims
18 should not be granted. *See* Fed. R. Civ. P. 41(a). Accordingly, it is recommended that plaintiff's
19 oral request at the hearing to dismiss her FMLA claims in counts one and four be granted.

20  As plaintiff has abandoned her only federal claims for relief, it is within the court's
21 discretion whether to exercise supplemental jurisdiction over any remaining state law claims.
22 *Carlsbad Tech, Inc. v. HIF BIO, Inc.*, 129 S. Ct. 1862, 1866-67 (2009); *Albingia Versicherungs*
23 *A.G. v. Schenker Int'l Inc.*, 344 F3d 931, 936 (9th Cir. 2003); 28 U.S.C. § 1367(c) ("The district
24 courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .
25 the district court has dismissed all claims over which it has original jurisdiction . . . .)." "[I]n the
26 usual case in which all federal-law claims are eliminated before trial, the balance of factors to be
27 considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and
28 comity-will point toward declining to exercise jurisdiction over the remaining state-law claims."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).  Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  In this case, the court finds it is in the interests of judicial economy, convenience, fairness, and comity, to remand to the state court plaintiff's remaining state law claims.  *See* 28 U.S.C. § 1447(c).  In light of the recommendation that this action be remanded, it is further recommended that defendants' motion to dismiss be denied as moot.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's request for voluntary dismissal of her FMLA claims in counts one and four be granted and those claims be dismissed;

2. Plaintiff's motion to remand, ECF No. 7, be granted;

3. The court decline to exercise supplemental jurisdiction over any claims arising under state law;

4. Defendants' motion to dismiss, ECF No. 4, be denied as moot;

5. This action be remanded to the Superior Court of the State of California in and for the County of San Joaquin; and

6. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 24, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE